UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN R. BRAXTAN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-02406-CSK

ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

(ECF Nos. 13, 18)

Plaintiff Justin R. Braxtan seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits and supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

/ / /

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos.7, 8, 9.)

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On October 4, 2022, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning May 16, 2020. AT 59. Plaintiff alleged he suffers from the following ailments: lasting effects from a traumatic brain injury ("TBI"); epilepsy; cognitive impairments due to TBI, including in speech, reading, and reasoning; tinnitus; delusional disorder; reduction of hearing; slurred speech; headaches; lack of impulse control; concentration; psychosis; adjustment difficulties; and substance addiction. *Id*. Plaintiff's applications were denied initially and upon

reconsideration, and he sought a hearing before an administrative law judge ("ALJ"). AT 69, 70, 92, 93, 150. On February 21, 2025, Plaintiff appeared in person with a representative before an ALJ, where he testified about his impairments and a vocational expert ("VE") testified about hypothetical jobs available in the national economy. AT 35-58.

On March 21, 2025, the ALJ issued an opinion finding Plaintiff not disabled. AT 14-29. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 16, 2020, Plaintiff's alleged onset date. AT 19. At step two, the ALJ determined that Plaintiff had the following severe impairments: TBI, epilepsy, mild neurocognitive disorder, adjustment disorder, and delusional disorder. AT 20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that medically equal any listing. AT 20-22 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered listings 11.02 (Epilepsy), 12.02 (Neurocognitive disorders), 12.03 (Schizophrenia spectrum and other psychotic disorders), and 12.04 (Depressive, bipolar and related disorders). AT 20. The ALJ examined the "Paragraph B" and "Paragraph C" criteria for Plaintiff's mental impairments.[2] The ALJ concluded that Plaintiff had moderate limitations in all four categories, but concluded that because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the "Paragraph B" criteria was not satisfied. AT 20-21. Additionally, the ALJ concluded that the "Paragraph C" criteria was not satisfied because Plaintiff did not have a medically-documented mental health

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

"Paragraph C" sets the criteria for "serious and persistent mental disorders," requiring a showing of medically documented history of the existence of the disorder for a period of at least two years. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.c.

impairment with at least two-years' duration, nor a current history of having an inability to function outside of a highly supportive living arrangement for one year or longer, among other reasons. AT 21-22.

The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following limitations:

> [Plaintiff] can frequently balance, stoop, kneel, crouch, and crawl, but no climbing ladders, ropes, or scaffolds. No work in high, exposed places or work in proximity to moving mechanical parts, and no commercial driving or operating heavy machinery. [Plaintiff] can understand, remember, and carry out simple instructions, and he can perform simple tasks without a specific production rate pace, but he is still capable of meeting end of day goals. [Plaintiff] can adapt to simple workplace changes. [Plaintiff] can have occasional noncollaborative instructions with coworkers (meaning no teamwork assignments), and no interactions with the public.

AT 22. In formulating the RFC, the ALJ considered Plaintiff's symptoms "to the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," medical opinion testimony, and administrative medical findings. *Id*.

Evaluating the medical sources, the ALJ found the opinions of the state agency doctors on initial review and reconsideration to be persuasive; the opinion of Dr. Joel W. Solomon, Psy.D., partially persuasive; and the opinion of Dr. Maria Servioli not persuasive. AT 26.

The state agency doctors and psychologists opined Plaintiff was capable of performing work at all exertional levels with additional postural and environmental limitations. AT 26 (citing AT 59-68, 71-80, 81-91, 94-104). As for Plaintiff's mental impairments, the state agency doctors and psychologists found Plaintiff was capable of understanding, remembering, and carrying out simple instructions, and that Plaintiff could maintain concentration for simple tasks if he were in a routine environment with little interaction with others. *Id*. The ALJ found these opinions were supported by having detailed summaries of the medical evidence, were consistent with one another, and consistent with physical and mental exam findings in the administrative record. *Id*. (citing

AT 1760, 1792, 1799, 1806, 1858, 1865, 1927, 2038-2039, 2057, 2064, 2083-2086, 2115, 2121).

Dr. Solomon performed a neuropsychological evaluation on November 7, 2022. AT 2081-2087. The doctor found Plaintiff suffered from mild neurocognitive disorder and an unspecified psychological disorder. Accordingly, Dr. Solomon opined that Plaintiff would function best in a work environment that had task-based responsibilities, rather than time-based responsibilities, limited distractors, and allowance for regular, consistent breaks. *Id*. (citing AT 2087). The ALJ found the opinion persuasive because it was supported by its own test results and observations from Dr. Solomon's in-person evaluation. *Id*. The ALJ found that Dr. Solomon's opinion was consistent with other mental status examination findings concluding that Plaintiff had deficits in cognition, memory, and concentration. *Id*. (citing AT 1925, 1985, 2018; 2039-2040; 2121). However, the ALJ found portions of Dr. Solomon's opinion to be vague and did not adequately articulate limitations for the purposes of RFC formulation. *Id*. Therefore, the ALJ only found Dr. Solomon's opinion persuasive only to the extent that it indicated limitations in Plaintiff's abilities to understand, remember, and apply information, concentrate, persist and maintain pace, and to adapt and manage oneself. *Id*.

Dr. Servioli evaluated Plaintiff on February 15, 2023, and concluded that he had "marked" limitations in understanding, remembering, and carrying out simple instructions and making simple work-related decisions. AT 1898-1900. The ALJ found this opinion not persuasive because it was contradicted by Dr. Servioli's own treatment notes that "endors[ed] a diagnosis of mild neurocognitive impairment." AT 26 (citing AT 2057-2058). The ALJ also found this opinion inconsistent with the findings of Dr. Solomon and with treatment notes indicating Plaintiff's medication was stabilizing. AT 27 (citing AT 2083-2087, 2119, 2127, 2129).

At step four, the ALJ concluded Plaintiff is unable to perform past relevant work. *Id*. However, at step five, the ALJ concluded Plaintiff is able to perform the requirements of the following occupations: (i) harvest worker, vegetables, Dictionary of Occupational

Titles ("DOT") #402.687-014, medium, SVP 1, with 8,475 jobs in the national economy; (ii) seed cutter, DOT #404.686-010, medium, SVP 1, with 14,290 jobs in the national economy; (iii) harvest worker, fruit, DOT #403.687-018, medium, SVP 2, with 8,475 jobs in the national economy; (iv) cleaner II, DOT #919.687-014, medium, with 53,911 jobs in the national economy; and (v) automobile dealer, DOT #915.687-034, medium, with 23,553 jobs in the national economy.[3] Thus, the ALJ concluded Plaintiff was not disabled. AT 29.

On July 28, 2025, the Appeals Council rejected Plaintiff's appeal. AT 1-6. Plaintiff filed this action requesting judicial review of the Commissioner's final decision and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 13, 18.)

## III. ISSUE PRESENTED FOR REVIEW

Plaintiff argues that the ALJ erred by not fully incorporating or explaining why certain limitations from Dr. Solomon were not incorporated into the RFC after finding the opinion partially persuasive. Pl. Mot. at 10-15 (ECF No. 13). Defendant argues that the ALJ did not err in excluding these limitations from the RFC because the limitations were merely recommendations. Def. Mot. at 4-6 (ECF No. 18).

## IV. DISCUSSION

### A. Medical Opinion Testimony

#### 1. Legal Standards

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis"

---

[3] "Medium" in the ALJ's step-five determination references medium work, as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c).

"Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

"SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

2. <u>Analysis</u>

As stated above, the ALJ found Dr. Solomon's opinion partially persuasive. AT 26. Dr. Solomon opined Plaintiff had a mild neurocognitive disorder and an unspecified cognitive disorder. *Id*. (citing AT 2087). Accordingly, Dr. Solomon opined that Plaintiff

would likely function best with task-based responsibilities as opposed to time-based responsibilities. *Id*. Further, Dr. Solomon opined that Plaintiff work with limited distractors and have allowance in his schedule for regular breaks. *Id*. The ALJ concluded that this opinion was supported by Dr. Solomon's own test results and observations from his in-person evaluation of Plaintiff. *Id*. The ALJ found that Dr. Solomon's opinion was consistent with other mental status examination findings concluding that Plaintiff had deficits in cognition, memory, and concentration. *Id*. (citing AT 2083-2087, 2119, 2127, 2129). However, the ALJ concluded that portions of the opinion testimony were vague and "[do] not adequately articulate limitations for use in a [RFC] assessment." *Id*. Therefore, the ALJ only found Dr. Solomon's opinion persuasive only to the extent that it indicated limitations in Plaintiff's abilities to understand, remember, and apply information, concentrate, persist and maintain pace, and to adapt and manage oneself. *Id*.

Plaintiff argues that the ALJ erred in failing to incorporate all the limitations opined in Dr. Solomon's medical opinion testimony in the RFC, including that Plaintiff would benefit from having his instructions repeated or written down and that he take regular and consistent breaks throughout the workday. Pl. Mot. at 10-15.

Defendant argues that the ALJ need not incorporate all of Dr. Solomon's opined limitations because the remark that Plaintiff needed written instructions and frequent breaks were only recommendations and may be excluded from the RFC. Def. Mot. at 4-6.

The Ninth Circuit has found that where a medical opinion testimony offers a recommendation, it is "neither a diagnosis nor statement of [the plaintiff's] residual functional capacity," and is not error if it is excluded from the RFC. *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 691-692 (9th Cir. 2009); *see also Orozco v. Comm'r Soc*. Sec., 2025 WL 3750494, at *8 (E.D. Cal. Dec. 9, 2025) (finding an ALJ did not err from omitting a recommendation from a medical opinion testimony in the RFC). Additionally, this district court has found a medical opinion expert opining that a plaintiff

would *likely benefit* from a limitation to be a recommendation that may be omitted from the RFC. *See Orozco*, 2025 WL 3750494, at *8.

Here, Dr. Solomon's opined limitations of Plaintiff benefiting from having repeated or written instructions and that Plaintiff take consistent or regular breaks were included in a section titled "Recommendations." AT 2087. Further, the wording with each recommendation includes the phrasing "[Plaintiff] will likely benefit," or "[Plaintiff] is strongly recommended." *Id*. The Court concludes that Dr. Solomon's remarks were merely recommendations and that the ALJ did not err by omitting them from the RFC. Therefore, the Court denies Plaintiff summary judgment and grants Defendant summary judgment.

## V. CONCLUSION

Having addressed all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED;
2. The Commissioner's cross-motion (ECF No. 18) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of the Court is directed to CLOSE this case.

Dated: August 11, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, brax.2406.25.ss msj